UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

   -against-                                            1:06-CR-031
                                                                     (LEK)

NORBERT RAID,

                            Defendant.

## MEMORANDUM-DECISION AND ORDER[1]

### I. Background and Discussion

Defendant Norbert Raid ("Defendant" or "Raid") is charged with two (2) counts of violating Federal law. Count One charges Defendant with "knowingly, intentionally and unlawfully attempt[ing] to import into the United States from a place outside thereof, namely Canada, heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952, and 960. All in violation of Title 21, United States Code, Section 963." Indictment (Dkt. No. 5). Count Two charges Defendant with "knowingly and intentionally possess[ing] with intent to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)[(C)]." Id.

Said charges stem from a January 19, 2006, border stop and search of Defendant on an Amtrak train at Champlain, Clinton County, New York, within the Northern District of New York. Said train was traveling from Canada to New York City. See Criminal Complaint (Dkt. No. 1); Indictment (Dkt. No. 5). Defendant had an initial appearance on January 19, 2006, before the Honorable Larry A. Kudrle, United States Magistrate Judge (Dkt. Nos. 2 & 3), and an arraignment

---

[1] For printed publication by the Federal Reporters.

and detention hearing on February 2, 2006, before the Honorable David R. Homer, United States Magistrate Judge (Dkt. No. 6).

Defendant has now moved this Court for an Order, *inter alia*, suppressing all statements that Defendant made during the border stop and search (including the search in the secondary inspection area), as well as his pre- and post-Miranda statements. See Motion to Suppress (Dkt. No. 10). Defendant has also moved this Court to compel the Government to comply with all of Defendant's discovery requests under Federal Rule of Criminal Procedure 16 (including, but not limited to, disclosure of all oral, written or recorded statements made by Defendant; disclosure of all scientific, laboratory or technical reports; disclosure of any and all Brady and Giglio material; and disclosure of any and all criminal, bad act, or immoral act evidence that the Government intends to use at trial, pursuant to Federal Rules of Evidence 404(b) and 609(a)). See Motion to Suppress (Dkt. No. 10); Deft's Reply Mem. (Dkt. No. 13). Defendant has requested that this Court decide in his favor, or hold an evidentiary hearing on the issues in dispute. See id. Defendant claims, *inter alia*, that his statements made to investigators should be suppressed because Defendant's waiver of his Miranda rights at the border was not voluntary, knowing, or effective. See id.

The Government has replied to Defendant's motion, and has, *inter alia*, submitted an initialed, signed and witnessed form indicating Defendant's waiver of his Miranda rights. Govt. Response Mem. (Dkt. No. 11).

Because, among other issues, there is an issue as to Defendant's waiver of his Miranda rights and the circumstances surrounding his border stop and search, questioning and subsequent interrogation, the Court finds that it would be beneficial to hold an evidentiary/suppression hearing in this matter, at which time counsel for both parties shall address all of the issues raised in

Defendant's Motion and the Government's response. Said evidentiary/suppression hearing shall be held on Thursday, May 11, 2006, at 10:00am, in Courtroom Number One of the James T. Foley United States Courthouse in Albany, New York. The Court reserves judgment on all of the issues raised in Defendant's Motion until after having heard counsel's arguments at the evidentiary/suppression hearing.

### II.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that an **EVIDENTIARY/SUPPRESSION HEARING** shall be held on **Thursday, May 11, 2006**, at **10:00am**, in **Courtroom No. 1 of the James T. Foley United States Courthouse, 445 Broadway, Albany, New York**. At said evidentiary/suppression hearing, the parties should be prepared to address **ALL of the issues** raised in Defendant's Motion to Suppress (Dkt. No. 10), the Government's Response papers (Dkt. No. 11), and Defendant's Reply papers (Dkt. No. 13); and it is further

**ORDERED**, that the Court **RESERVES JUDGMENT** on all of the issues raised in Defendant's Motion to Suppress (Dkt. No. 10) and Reply papers (Dkt. No. 13) until after having heard counsel's arguments at the evidentiary/suppression hearing; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:    April 06, 2006
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge